No. 29,187.

John M. Frazier, *Appellee*, v. The City of Kansas City, *Appellant*.

(285 Pac. 557.)

Opinion filed March 8, 1930.

*L. S. Harvey, Alton H. Skinner* and *John C. O'Brien*, all of Kansas City, for the appellant.

*David F. Carson*, of Kansas City, and *Horace G. Pope*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Burch, J.: The question in this case is whether a judgment for damages for personal injury was excessive.

About 7:30 in the evening of February 24, 1928, plaintiff stepped with his right foot into an open manhole in a street of the city. He was carried to a near-by house and Doctor Butts was called. He suffered from shock, vomited during the night, suffered great pain, and had some minor abrasions and contusions. The serious injury was diagnosed by Doctor Butts, an osteopath and also a medical practitioner, as subluxation of the innominate bone, causing the right leg to be half to three-quarters of an inch longer than the other, and causing neuritis of the sciatic nerve on the right side. The next day plaintiff was examined by a "regular" practitioner, Doctor Faust, who diagnosed the injury as a sacroiliac sprain. Doctor Faust testified as follows:

"The main thing wrong with him when I first saw him was trouble in his back. That trouble was right down here in what we call the sacroiliac region. That is where the big bone called the sacrum joins the spine and forms a keystone in the arch there between the big illeum bones. . . . He was very nervous. He had increased reflexes, and seemed to be in quite a good deal of pain. This pain was manifested mostly in his back and particularly to the right side. When we got hold of his leg and tried to straighten out his leg, he would cringe with pain. That was referred to this part of his anatomy. We call it the sacroiliac region. . . . He had a slight increase in his blood pressure."

Subsequently Doctor Butts reduced what he described as the subluxation. Plaintiff has not been able to do any work since he was injured. He walks with a limp, suffers pain, suffers from nervousness and insomnia, and lost thirty-three pounds in weight between the time of the injury and the time of trial. He had enjoyed good health before he was injured, and earned $150 per month and expenses. At the time of trial he was forty-nine years old, and had a wife and family.

The trial commenced on January 29, 1929, and was concluded on January 31. Doctor Butts examined plaintiff on January 22, and testified as follows:

"Well, he still has considerable sensitiveness in the sciatic nerve. He has that neuritis, and then considerable tenderness in the lower lumbar region. The muscles are very tense and tender. As far as the subluxation was concerned, that was normal. It had been reduced. . . .

"Q. Has he neuritis now? A. Yes, he has neuritis in that right limb. . . .

"Q. Is there any other—is neuritis known by any other name, common name? A. Yes; people often speak of it as rheumatism. . . .

"Would be inclined to say that the local neuritis of the sciatic nerve would be due to the injury."

Concerning prospect of recovery, Doctor Butts testified as follows:

"Q. Now, in your opinion, is this condition of this man a permanent one, or is it one. that will pass? A. Well, I think it would be inclined to pass away. I don't think it would be a permanent injury. It is a little hard to tell how quick it will pass away; it would depend upon just how much injury; it is a little hard to determine just how much injury was caused to the nerve fibers themselves; . . .

"Q. You have no prognosis as to when he will get well or whether he will ever get well? A. Well, no. I would be inclined to say he will recover from it. It will not be a permanent injury.

"Q. But you don't know how quickly? A. No, sir. I would not say as to that."

Doctor Faust testified at the trial, and examined plaintiff the day before he was called as a witness. His testimony is abstracted as follows:

"Witness made an examination yesterday afternoon ·in his office, and found practically the same condition in the appearance of his back, although not so acute. . . . Witness thought appellee had a chronic condition in ·his back, . . ."

"That the chronic condition he found him in will keep him from working, and the sacroiliac sprain he found there in him would cause him to be nervous and sleepless, and it is a serious condition because it involved one of

the weight-bearing joints of his body. That plaintiff has a chronic nagging pain in his sacroiliac joint, and that joint is a weight-bearing joint, and that inhibits his motions and inhibits his work."

The verdict for plaintiff was for $6,000, and a motion for new trial on the ground the verdict was excessive was denied on April 6, 1929. Considering the nature of the injury, the pain plaintiff suffered, the income he was deprived of month by month, the condition he was in at the time of the trial, and the uncertainty with respect to when he may recover, the court is of the opinion the verdict was not the result of passion or prejudice on the part of the jury, and was not excessive.

The judgment of the district court is affirmed.

HARVEY, J., not sitting.